# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

TACHICA CALLAHAN,
            *Plaintiff*,

            v.                                                    No. 3:19-cv-1679 (JAM)

ICARE HEALTH NETWORK *et al.*,
            *Defendants*.

## RULING RE ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED AGAINST CERTAIN DEFENDANTS

This is an employment discrimination and retaliation case that has been sidetracked by persistent issues with service of process. The plaintiff Tachica Callahan has consistently failed to perfect service against three employer defendants. For the reasons below, I will grant Callahan one final extension of 30 days from the date of this Ruling to effect proper service. If Callahan fails to serve the defendants by that deadline, I will dismiss this lawsuit against the non-served defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## BACKGROUND

Callahan filed this *pro se* lawsuit against eight defendants: iCare Health Management, LLC ("iCare"), the Meriden Care Center, LLC, d/b/a Silver Springs Care Center ("Meriden Care Center"), Chris Wright, Raymond Hackling, Emily Gonzalez, Gwen Cannon, Merinda Brown-Williams, and Jesse Martin.[1] She brings state and federal claims against these defendants that arise from her employment and subsequent termination.[2]

The Court has previously dismissed defendants Brown-Williams and Cannon from this lawsuit because Callahan failed to perfect service, even when she was given an extension of time

---

[1] Doc. #1 at 1. In the case caption, Callahan names "ICare Health Network" as a defendant. But as the defendants point out, "ICare Health Network" is not a legal entity. Doc. #86 at 1 (¶¶ 1–2). Rather, it is iCare Health Management, LLC. *Ibid.* The Clerk of Court is requested to amend the case caption accordingly.
[2] Doc. #1 at 8–10.

to do so.[3] Most recently, the Court granted defendant Martin's unopposed motion to dismiss for failure to be properly served and for failure to state a claim.[4] At this point, Callahan has only properly served Gonzalez and Hackling.[5]

The Court ordered Callahan to show cause why the complaint should not be dismissed against the remaining non-served defendants in this action—iCare, Meriden Care Center, and Wright.[6] In response, Callahan argued that she had properly served those defendants and submitted a mishmash of attachments containing order forms and delivery receipts.[7] As a part of that filing, Callahan requested "time to effectuate service of process if the court deems all defendants have not been properly served."[8] The employer defendants maintain that Callahan has not properly served iCare, Meriden Care Center, or Wright under the relevant federal rule of civil procedure (*i.e.*, Rule 4) that incorporates Connecticut's state laws governing service of process (*i.e.*, Conn. Gen. Stat. § 52-57 (general service) and Conn. Gen. Stat. § 34-243r (service for limited liability companies)).[9]

## DISCUSSION

For a federal court to exercise personal jurisdiction over a defendant, "the plaintiff's service of process upon the defendant must have been procedurally proper." *Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petroleum Corp.*, 40 F.4th 56, 68–69 (2d Cir. 2022).[10] To determine whether service was sufficient, "a Court must look to Rule 4, which governs the

---

[3] Doc. #71.
[4] *See* Docs. #87 (granting unopposed motion to dismiss defendant Martin), #90 (denying motion for reconsideration).
[5] *See* Doc. #40–1 at 2.
[6] Doc. #80.
[7] *See* Doc. #81-1 at 7–41. The purported process receipts for Wright, iCare, and Meriden Care Center were previously filed with the Court. *See* Docs. #67 (Wright), #68 (iCare), #69 (Meriden Care Center).
[8] Doc. #81 at 1.
[9] Doc. #86 at 1–2.
[10] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions. Nor do case citations include subsequent history not relevant for present purposes.

content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). "[T]he plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010).

### Chris Wright

Callahan has not established that she properly served Chris Wright. Rule 4(e) provides that an individual may be served by following the state law for doing so or by (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1), (2)(A)–(C).

Similarly, Connecticut law for serving individuals—which matches the federal rules, *see* Fed. R. Civ. P. 4(e)(2)(A), (B)—provides that "process in any civil action shall be served by leaving … the declaration or complaint, with the defendant, or at his usual place of abode, in [Connecticut]." Conn. Gen. Stat. § 52-57(a). In other words, "the summons and complaint must be handed directly to each defendant, or left at his or her home address." *Quigley v. Williams*, 2022 WL 1462435, at *3 (D. Conn. 2022) (emphasis omitted). Rule 4(e)(2)(C) also permits service on an individual defendant by "delivering a copy of [the summons and of the complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C).

In her response to the Order to Show Cause with respect to service on Wright, Callahan pasted the entirety of Rule 4 and underlined Rule 4(e)(2)(B), which provides that service may be made by "leaving a copy of each at the individual's dwelling or usual place of abode with

someone of suitable age and discretion who resides there."[11] The defendants responded that the summons and complaint were "not delivered in hand" or "via abode service to Mr. Wright," but rather "the package was delivered to a receptionist at iCare."[12]

Callahan has filed the process receipt and return with the Court, but it does not indicate that the summons and complaint were handed directly to Wright.[13] Nor does it indicate that the summons and complaint were delivered to Wright's "usual place of abode" (*i.e.*, his home address). *See* Fed. R. Civ. P. 4(e)(2)(B); Conn. Gen. Stat. § 52-57(a).[14] Callahan's receipt showing delivery of the documents to iCare's business address does not demonstrate that Wright has been properly served in this lawsuit. *See Marion v. Marion*, 1998 WL 351900, at *3 (Conn. Super. Ct. 1998) (finding that "leaving the process at [the defendant's] office with his receptionist" did not constitute sufficient service under § 52-57(a)). Finally, there is no indication that Wright has authorized an agent to receive service, and even if he had, Callahan has not provided any evidence that the receptionist at iCare is that agent. *See* Fed. R. Civ. P. 4(e)(2)(C).

Therefore, I conclude that Callahan has not properly served Wright.

### iCare and Meriden Care Center

Nor has Callahan established that she has properly served either iCare or Meriden Care Center, both of which are limited liability companies registered in Connecticut.[15] Rule 4(h) provides that a corporation, partnership, or association may be served by following state law for serving an individual or "by delivering a copy of the summons and of the complaint to an officer,

---

[11] Doc. #81 at 4.
[12] Doc. #86-1 at 1.
[13] Docs. #67 at 1, #81-1 at 30.
[14] The record indicates that the complaint and summons were sent to 341 Bidwell Street, Manchester, Connecticut, 06040. Doc. #81-1 at 30–32. According to the registration for iCare, this is its business address. *See* Connecticut's Official State Website, Business Records Search, iCare Health Management, LLC, https://service.ct.gov/business/s/onlinebusinesssearch?businessNameEn=GZZC89DHY2TpTljD%2Flk8HYZb2eU%2Fv7tPeEg9dPzHZ%2Bm3Fc77TI31E8NfaG2IIMb9 [https://perma.cc/SB6K-3UF4] (last accessed Apr. 18, 2023).
[15] Doc. #86-1 at 1 (¶¶ 4, 6).

a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A)–(B). Rule 4(e)(1) and (h)(1) "together provide that service of process on a domestic entity may be made as authorized by the law of either the state in which the district court sits or in which service is effected." *Gonzalez v. New Beginnings for Life, LLC*, 2020 WL 4937990, at *1 (D. Conn. 2020); Fed. R. Civ. P. 4(e), (h).

Here, in order to properly serve iCare and Meriden Care Center under Connecticut law, Callahan must follow either Conn. Gen. Stat. § 34-243r(a) or Conn. Gen. Stat. § 52-57(c). Section 34-243r(a) provides that a limited liability company "may be served with any process, notice or demand required or permitted by law by … leaving a true and attested copy with such company's registered agent, or at his or her usual place of abode in [Connecticut]." The statute also provides that service can be made by "handing a copy to the individual in charge of any regular place of business or activity of the company." § 34-243r(d). Alternatively, § 52-57(c) provides a list of corporate representatives who may be served with process, including for example the president, vice president, or secretary of the company. *See Founders Ins. Co. v. Cuz DHS, LLC*, 2017 WL 5892194, at *4 (D. Conn. 2017).[16]

Jonathan Starble, counsel for defendants, is the registered agent for both entities, and Chris Wright is the principal in charge of both entities.[17] In order to serve iCare and Meriden Care Center under state law, Callahan must serve either Starble or Wright. But the documents

---

[16] In full, Conn. Gen. Stat. § 52-57(c) provides: "In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located."

[17] Docs. #86 at 1–2, #86-1 at 1 (¶¶ 4, 6).

that Callahan has submitted to the Court do not establish that she has served either defendant, and therefore she has failed to serve iCare or Meriden Care Center in accordance with § 34-243r and Rule 4(h). According to the defendants' declarations and the exhibits Callahan herself has filed with the Court, the summons and complaint were delivered to receptionists at the business addresses of both iCare and Meriden Care Center.[18] But that is insufficient.

Nor has Callahan provided evidence that she served any of the alternative persons listed in Conn. Gen. Stat. § 52-57(c). *See Altuz v. Prospect Omega, LLC*, 2013 WL 2131949, at *3–4 (Conn. Super. Ct. 2013) (service on a limited liability company was not proper under § 52-57(c) because the plaintiff failed to offer evidence of the position and responsibilities of the individual accepting service).

Accordingly, I conclude that Callahan has not properly served defendants iCare or Meriden Care Center.

### Dismissal

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed," the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows "good cause for the failure," then "the court must extend the time for service for an appropriate period." *Ibid.*

Although Callahan's *pro se* status does not, by itself, establish good cause for her failure to serve, *see Harper v. NYC Admin. for Children's Servs.*, 2010 WL 23328, at *2 (S.D.N.Y. 2010), the Court has discretion "to grant extensions even in the absence of good cause." *Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007). "The factors to be considered in deciding whether to grant this relief are (1) whether the applicable statute of limitations would bar the

---

[18] Docs. #81-1 at 33–35, 39–41, #86-1 at 1 (¶¶ 5, 7, 9).

refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Britton v. Connecticut*, 2016 WL 308774, at *5 (D. Conn. 2016).

The first factor weighs in favor of granting Callahan an extension to effect service. If the Court were to dismiss Callahan's complaint against the employer defendants for failure to effect service, then the statute of limitations may bar future actions. She alleges numerous violations of state and federal law, but many of these claims may be time-barred given that the alleged incidents occurred in October 2017 or earlier.[19]

The second factor also weighs in favor of Callahan. The employer defendants had actual notice of her claims because Starble is the registered agent of both iCare and Meriden Care Center.[20] But the third factor favors the employer defendants. Nothing in the record indicates that they attempted to conceal defects in service from Callahan.

The final factor is neutral. The defendants fail to identify any prejudice that they may experience from having to defend this action after "both the original service period and the statute of limitations have passed before service." *Zapata*, 502 F.3d at 198.

In sum, I find that the balance favors Callahan. She has clearly made good faith efforts to serve the employer defendants. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Sun*, 1994 WL 463009, at *4 (S.D.N.Y. 1994) ("[L]eniency may sometimes be appropriate for those who have in good faith attempted timely service."). And the Court is sympathetic to the difficulties Callahan faces as a *pro se* plaintiff. *Quigley*, 2022 WL 1462435, at *2.

---

[19] Doc. #1 at 3–10. Because the complaint is not clearly structured, it is difficult to identify the most salient claims. A fair reading of the complaint suggests that statutes covering employment discrimination are the most relevant.
[20] Doc. #86-1 at 1.

Accordingly, I conclude that a discretionary extension of time is warranted. But this is Callahan's last chance. She has 30 days from the date of this Ruling to serve Wright, iCare, and Meriden Care Center in accordance with the federal rules and Connecticut law. Otherwise, I will dismiss this action.

### CONCLUSION

For the reasons set forth above, Callahan has until **May 18, 2023**, to serve Wright, iCare, and Meriden Care Center. Callahan's failure to do so will result in the dismissal of those defendants from this lawsuit pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

It is so ordered.

Dated at New Haven this 18th day of April 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge